# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SALAZAR,<br><br>            Plaintiff,<br><br>     v.<br><br>CLARK, et al,<br><br>            Defendant. | Case No.  1:20-cv-01464-NONE BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br> (ECF No. 8)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Kevin Salazar ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in Kings County Superior Court on May 18, 2020.  On October 15, 2020, Defendant Clark ("Defendant") removed the action and requested that the Court screen the complaint under 28 U.S.C. § 1915A(a) and that Defendant be allowed thirty days from the screening of the complaint to file a responsive pleading.  (ECF No. 1.)  Following notice from the Court, Defendant amended the notice of removal because pages were missing.  On October 22, 2020, Defendant filed an amended notice of removal, which included a copy of Plaintiff's complaint.  (ECF No. 4.)  The Court screened Plaintiff's complaint and granted leave to amend.  (ECF No. 4.)  Plaintiff's first amended complaint, filed on December 14, 2020, is currently before the Court for screening.  (ECF No. 8.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Correctional Institution, Tehachapi, California. The events in the complaint are alleged to have occurred at the Corcoran State Prison, in Corcoran, California ("Corcoran"). Plaintiff names as defendants: (1) Gavin Newsom, Governor, (2) Ken Clark, Warden, (3) Flores, Correctional Officer, 4A-1 Left, (4) Connie Gipson, Director of CDCR, (5) J. Clark Kelso, Receiver. Defendants are sued in their individual capacities for monetary damages. Plaintiff alleges as follows.

Plaintiff was housed at Corcoran when he sustained loss of hearing based on the Defendants' reckless negligence, intentional tort, and cruel and unusual punishment. Governor Newsom is under federal court mandate to bring the prisons in compliance with the Constitution and American with Disabilities Act. Defendants Newsom, Ken Clark, J. Clark Kelso and Connie

Gipson in one way or another caused engineering construction workers to be hired at Corcoran in the summer of 2019. The construction was to expand the width of inmate showers to fit wheelchairs. Defendants did not demand that the construction workers give Plaintiff a set of earplugs.

Plaintiff was housed in cell 57, top tier in the Security Housing Unit, 4A, C-Section, from July 2019 to October 2019. On or before July 2019, either Connie Gipson, Gavin Newsom, Ken Clark or J. Clark Kelso knew or should have known authorization was given to construction workers to demolish cell 45 and the concrete walls of the shower on the bottom tier, directly under cell 57 which Plaintiff occupied. Defendants allowed the construction workers to use a very small jackhammer seven hours per day, Monday to Friday for two consecutive months, without supplying earplugs to Plaintiff or similarly situated inmates. Plaintiff was subjected to mental torture because of the unrelenting constant racket of the jackhammer reverberating. Plaintiff and other similarly situated inmates, kicked at the cell doors and verbally demanded Defendant Flores as the unit lead correctional officer to furnish earplugs to all the inmates or move the inmates from the magnified noise of the jackhammer. Defendant Flores said, "file an inmate appeal about it . . . it's affecting me too."

Plaintiff filed a Form 602 and exhausted that remedy to the third level and was granted in part. As a result of not giving Plaintiff ear plugs until the third level, Plaintiff has lost complete hearing in one ear and must now use a hearing aid to hear in his other ear.

Plaintiff complained about his loss of hearing to medical staff in documents and orally to Flores, among other correctional officers, including Ken Clark. Defendants had ample time to get Plaintiff and other similar situated inmates a set of earplugs when Plaintiff's inmate appeal was accepted and responded to at the first and second levels.

After six weeks of incessant loud operation of the jackhammer, seven hours a day, Plaintiff has been deprived of his hearing in his left ear and partial loss in his right ear. Defendant Flores would not move Plaintiff to another cell.

Defendants knew or should have known that when they allowed the construction workers to demolish Cell 45 and the shower, that Plaintiff would need earplugs that were worn by the

3

construction workers.  Plaintiff kicked on the cell door and asked Ken Clark for earplugs when the Defendant arrived in the unit to check on the demolition.

Plaintiff alleges that he timely filed a claim with the California Victim Compensation and Claims Board and has been denied.  Plaintiff seeks supplemental jurisdiction.

Plaintiff sues for negligence, intentional tort and cruel and unusual punishment.  Plaintiff seeks compensatory damages against and punitive damages against Defendants.

**III.    Discussion**

**A.  Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Clark, Newsom, Gipson, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

4

1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege facts to support that Defendants Newsom, Gipson or Kelso, participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff's conclusory allegations that these defendants knew or should have known of the demolitions are insufficient to show that Defendant Newsom, Gipson or Kelso had knowledge that the demolition was adversely affecting Plaintiff and failed to act.

Plaintiff also has failed to plead facts showing that any policy was a moving force behind the injury. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). To the extent that Plaintiff seeks damages from Defendants Newsom and Gipson in their official capacities, the Eleventh Amendment bars Plaintiff's suit. See Mitchell v. Washington, 818 F.3d 436, 441 (9th Cir. 2016); Eaglesmith, 73 F.3d at 859.

Plaintiff identifies Newson, Kelso and Gipson as the Governor, Federal Receiver and Director, respectively. Plaintiff merely alleges that they knew or should have known of the demolition and the effect on his hearing. It appears that these defendants have been named solely based upon their supervisory roles, which is insufficient to state claims for relief against them.

Since it appears Plaintiff is attempting to bring claims against Kelso based solely on his position as Receiver for CDCR's healthcare system, Kelso is also entitled to quasi-judicial immunity. Plata v. Schwarzenegger (Plata), C01-1351-THE, ECF No. 1063 at 5 (N.D. Cal. Jan.

23, 2008) (appointing Kelso as Receiver). In appointing a Receiver, the court stated that "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." Plata, ECF No. 473 at 6 (N.D. Cal. Feb. 14, 2006)).

### B. Eighth Amendment: Deliberate Indifference to Risk of Harm

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160. This involves both objective and subjective components. The objective component requires that the alleged deprivation be "sufficiently serious"; where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). The subjective component requires that the prison official actually "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must ''be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and...must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health...." Farmer, 511 U.S. at 843. "[D]eliberate indifference entails something more than mere negligence...[but] something less than acts or omissions for the very purpose of causing

harm or with the knowledge that harm will result." Id. at 835. This "deliberate indifference" standard is equivalent to ''recklessness,'' in which ''a person disregards a risk of harm of which he is aware.'' Id. at 836–37.

Exposure to hazardous environmental conditions in a prison, including toxic substances and dangerous work environments, can form the basis of an Eighth Amendment conditions of confinement claim. See Helling v. McKinney, 509 U.S. 25, 28-29 (1993) (upholding Eighth Amendment claim based upon exposure to tobacco smoke); Morgan v. Morgensen, 465 F.3d 1041, 1047 (9th Cir. 2006) (holding that it was clearly established law that a "safety hazard in an occupational area" violated prisoner's Eighth Amendment rights); Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996) (concluding that deprivation of outdoor exercise, excessive noise and lighting, lack of ventilation, inadequate access to basic hygiene supplies, and inadequate food and water were sufficient to state an Eighth Amendment claim); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (noting asbestos exposure could serve as the basis for an Eighth Amendment claim); Kelley v. Borg, 60 F.3d 664, 666-67 (9th Cir. 1995) (holding that the law was sufficiently clearly established to allow an Eighth Amendment claim for failing to remove inmate from cell where he was exposed to unidentified "fumes" which rendered him unconscious to proceed).

For excessive noise to be cognizable under the Eighth Amendment, "it 'must either significantly exceed, or be independent of, the inherent discomforts of confinement.' " Endsley v. Luna, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010) (quoting Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004)); Moreno Montecastro v. Newsom, 2020 WL 6484097, at *6 (E.D. Cal. Nov. 4, 2020).  In Toussaint v. McCarthy, the Ninth Circuit affirmed the district court's remedy to alleviate an unconstitutional level of noise at San Quentin and Folsom State Prisons. Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).  The district court described the noise as an "unrelenting, nerve-racking din" and a "constant racket" that "reverberates freely, magnifying noises of all kinds." Toussaint v. McCarthy, 597 F.Supp. 1388, 1397 (N.D.Cal.1984), rev'd in part on other grounds, 801 F.2d 1080 (9th Cir.1986).

Plaintiff's allegations satisfy the objective component, which requires that the alleged deprivation be "sufficiently serious."  Plaintiff alleges that workers were jackhammering the cell below his for seven hours a day, Monday through Friday for six weeks.

For the subjective component, liberally construing the allegations, Plaintiff states a cognizable claim against Defendant Clark and Defendant Flores that they knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Plaintiff alleges he told both of the Defendants of the constant noise, harm to Plaintiff, and that they failed to take reasonable measures to abate it.

**C.  State Law Claims**

Plaintiff appears to allege state law tort claims for negligence and intentional tort. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim– Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has alleged compliance with the Government Claims Act.

///

1. Negligence

Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009); accord Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998).

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claim for negligence against Defendants Clark and Flores. Defendants had a duty to care for and protect Plaintiff, breached that duty by exposing Plaintiff to dangerous conditions which they knew of or should have known of, and caused Plaintiff to be harmed by being exposed to such conditions.

2. Intentional Tort

The tort of intentional infliction of mental distress has these elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir.1996) (citing Christensen v. Superior Court, 54 Cal. 3d 868, 903 (Cal. 1991). Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.' " Van Horn v. Hornbeak, 2009 U.S. Dist. LEXIS 16134, at *8, 2009 WL 413725 (E.D.Cal. Feb. 18, 2009. Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress' is actionable." Brooks v. United States, 29 F. Supp. 2d 613, 617-18 (N.D. Cal. 1998).

Plaintiff fails to state a cognizable claim. The outrageous conduct at issue was the jackhammering which is conduct that Defendants did not cause or engage in. Spackman v. Good, 245 Cal. App. 2d 518, 54 Cal. Rptr. 78 (Ct. App. 1966) (The allegations were largely of omissions—permitting things to happen—without activity on defendant's part intended to inflict

9

injury or with the realization that injury would result.); Davidson v. City of Westminster, 32 Cal. 3d 197, 210, 649 P.2d 894, 901 (1982) (Absent an intent to injure, such inaction is not the kind of "extreme and outrageous conduct" that gives rise to liability under the "intentional infliction of emotional distress" tort.)

### D. Plaintiff bringing claims on behalf of others

It appears that Plaintiff may be seeking to represent all of the inmates who were "similarly situated" as Plaintiff with the noise. As a pro se litigant, Plaintiff is prohibited from bringing his claims as a class action. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (stating that "[a] litigant appearing in propria persona has no authority to represent anyone other than himself."); Axtle v. Cty. of Alameda, Case No. C 12-6404 YGR, 2013 WL 5979201, at *2 N.D. Cal. Nov. 8, 2013 (emphasizing that "pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class."); accord Rood v. Lockwood, No. 2:20-CV-00271-CKD, 2020 WL 1937397, at *2 (E.D. Cal. Apr. 22, 2020).

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims against Defendants Ken Clark and Officer Flores for violation of the Eighth Amendment for deliberate indifference to the risk of harm and for negligence against Defendants Ken Clark and Officer Flores.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on December 14, 2020, for violation of the Eighth Amendment for deliberate indifference to the risk of harm against Defendants Ken Clark and Officer Flores and for negligence against Defendants Ken Clark and Officer Flores;
2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 15, 2021**       /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE