# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SALAZAR,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK,<br><br>        Defendant. | Case No. 1:20-cv-01464-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 10) |

Plaintiff Kevin Salazar ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from Kings County Superior Court on October 15, 2020. (ECF No. 1.) The Court screened the complaint on November 18, 2020, and findings and recommendations regarding dismissal of certain claims and defendants are currently pending. (ECF No. 9.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed February 1, 2021. (ECF No. 10.) Plaintiff argues that he cannot hire or afford a lawyer for this case, the issues in this case are complex, and a lawyer would assist Plaintiff at a trial. Plaintiff further states that he may not be able to present this case to the Court without an interpreter, due to Plaintiff's lack of ability to properly speak English well, because he is Spanish speaking, has a TABE score of 4.6 and is hearing impaired. Plaintiff states this is a reasonable accommodations request that will enable Plaintiff to participate in Court procedures, programs, services, and activities by effective

1

1 communication.  (Id.)

2 Defendant has not had an opportunity to respond to Plaintiff's motion, but the Court finds
3 a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

4 Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
5 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954
6 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28
7 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298
8 (1989).  However, in certain exceptional circumstances the court may request the voluntary
9 assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

10 Without a reasonable method of securing and compensating counsel, the Court will seek
11 volunteer counsel only in the most serious and exceptional cases.  In determining whether
12 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
13 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
14 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

15 The Court has considered Plaintiff's request, but does not find the required exceptional
16 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
17 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
18 This Court is faced with similar cases filed by prisoners proceeding *pro se* and with educational
19 and language limitations almost daily.  These prisoners also must make complex legal arguments
20 and prosecute claims without the assistance of counsel.  Plaintiff's hearing impairment is not
21 relevant at this stage of the proceedings, as there are no hearings scheduled and Plaintiff has
22 demonstrated an ability to read and write in English.

23 Furthermore, the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis*
24 in this action.  The Court is not aware of any authority that would allow the appointment of
25 counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

26 Finally, based on a review of the record in this case, the Court does not find that Plaintiff
27 cannot adequately articulate his claims.  As demonstrated in the instant motion, Plaintiff is able to
28 prepare and file documents clearly setting forth his contentions, without assistance from counsel

or an interpreter. Furthermore, the Court has screened the complaint and found that Plaintiff has stated some cognizable claims that can proceed in this action.

For the foregoing reasons, Plaintiff's motion to appoint counsel, (ECF No. 10), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 8, 2021**          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE